UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNESTO VARELA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 4:23-cv-01016-SEP |
| ) | |
| WILLIAM HAROLD HILL, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is the Motion for Appointment of Counsel filed by Plaintiffs Ernesto and Claudia Varela, Doc. [11]. For the reasons set forth below, the motion is denied without prejudice.

### BACKGROUND

Plaintiffs Ernesto and Claudia Varela sued Defendants William Harold Hill, City of Wildwood, St. Louis County Police Department, Officer Jamie Reiter, Molly Proost, and John Doe Officers in Missouri state court, alleging violations of their civil rights under federal and state law. *See* Doc. [7]. The Police Department and John Doe Officers removed the case to this Court, Doc. [1], and the Police Department, Doc. [2], John Doe Officers, Doc. [4], Mr. Hill, Doc. [8], and City of Wildwood and Ms. Proost, Doc. [9], have since filed motions to dismiss.

Plaintiffs' responses are well past due, but Plaintiffs have not responded to the motions to dismiss or asked for extensions of time. *See* E.D. Mo. L.R. 4.01. Instead, Plaintiffs filed a Motion for Appointment of Counsel. Doc. [11]. Plaintiffs explain that "they do not have the means to retain counsel" and attorneys "have not been able to take the case on a contingency fee or reduce[d] fee." Doc. [12] at 1. They claim that they "have tried to research the cases, but they do not understand all Defendant's legal arguments" and "do not have access to the cases cited in the briefs." *Id*. Plaintiffs "want to pursue their legal rights against the Defendants, but they cannot effectively address the legal arguments because they do not have the resources or legal education to do so." *Id*.

### LEGAL STANDARD

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."). But the Court "may request an attorney to represent any

person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim, and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel.'" *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted) (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)) (citing 28 U.S.C. § 1915(e)). When determining whether to appoint counsel for an indigent litigant, the United States Court of Appeals for the Eighth Circuit has instructed courts to consider the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

## DISCUSSION

Plaintiffs have not shown the Court that (1) they are unable to afford counsel, (2) they made a serious effort to hire counsel, or (3) they cannot adequately present their claims on their own.

Plaintiffs claim that they are "unable to pay a reasonable attorney fee," Doc. [11], and that "they do not have the means to retain counsel." Doc. [12] at 1. That may be true, but the Court does not have enough information to verify Plaintiffs' claim. The Court's "Application to Proceed in District Court Without Prepaying Fees or Costs" form usually provides the Court with an indigent plaintiff's financial information. But Defendants removed the case from state court and paid the filing fee, so Plaintiffs did not have to file a motion for leave to proceed *in forma pauperis*. Plaintiffs must file an Application to Proceed in District Court Without Prepaying Fees or Costs on the Court's form that will allow the Court to determine whether Plaintiffs are "unable to afford counsel." 28 U.S.C. § 1915(e)(1).

Plaintiffs do not give the Court enough information about their efforts to hire counsel either. Plaintiffs explain that they were able to hire an attorney at a reduced fee, but she was disbarred. Doc. [12] at 1. They claim that they have "sought relief from other attorneys, but they have not been able to secure counsel because the attorneys have not been able to take the case on a contingency fee or reduce[d] fee." *Id*. Plaintiffs must provide more detail about their efforts to hire a new lawyer. *See, e.g.*, *Macon v. Cedarcroft Health Servs., Inc.*, 2013 WL 1630622, at *3 (E.D. Mo. Apr. 16, 2013) (a plaintiff's renewed motion for appointment of counsel must include "a separate affidavit detailing plaintiff's efforts to obtain counsel, including (1) the names of the attorneys she contacted, (2) the date and method of contact, and (3) each attorney's response").

Plaintiffs also have not shown that they cannot adequately present their claims to the Court.

2

Plaintiffs' say that it "has come to Plaintiffs['] attention that there is a clinic with the Court." Doc. [12] at 2. Plaintiffs seem to be referring to the Eighth Circuit's Law Library located in the Thomas F. Eagleton Courthouse, but their statement implies that they have not yet tried to use the Law Library to research their claims and respond to Defendants motions to dismiss. Plaintiffs should look at the resources the Court has collected for pro se litigants on its website at https://www.moed.uscourts.gov/self-represented-litigants-srl and the information on the Eight Circuit Law Library's website at https://www.lb8.uscourts.gov. If Plaintiffs file another motion for appointment of counsel, they must include an explanation of their efforts to research and present their claims using the resources available to them.

Plaintiffs' Motion for Appointment of Counsel is denied without prejudice. If Plaintiffs still believe the Court should appoint counsel, they may file another motion that complies with this Order. But whether they file a new motion for appointment of counsel or not, they must respond to Defendants' motions to dismiss. "Pro se litigants are not excused from compliance with substantive and procedural law," including the Federal Rules of Civil Procedure and the Court's Local Rules. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986). Plaintiffs' responses to Defendants' motions to dismiss were due 14 days after the motions were filed. *See* E.D. Mo. L.R. 4.01. In consideration of Plaintiffs' pro se status, the Court will allow Plaintiffs an additional 30 days to respond to the motions to dismiss. If Plaintiffs need additional time, they must request an extension before the deadline expires as required by Federal Rule of Civil Procedure 6(b) and Eastern District of Missouri Local Rule 1.05.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Appointment of Counsel, Doc. [11], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to Plaintiffs a copy of the Court's Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that Plaintiff must respond to Defendants' motions to dismiss, Docs. [2], [4], [8], [9], by **February 22, 2024**.

Dated this 23rd day of January, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE