UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNESTO VARELA, et al., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WILLIAM HAROLD HILL, et al., )<br>)<br>Defendant. ) | Case No. 4:23-cv-01016-SEP |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon review of the Complaint. In general, Plaintiffs allege that Hill's pervasive race-based harassment and threats made their housing unavailable to them and caused them to move. Two of Plaintiffs' claims survived various motions to dismiss: Count II under 42 U.S.C. § 1982 and Count III under the Fair Housing Act, 42 U.S.C. § 3617. Docs. [1-1], [26]. This Order pertains only to Count III under the FHA.

The Fair Housing Act states:

> **An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice**, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613(a)(1)(A) (emphasis added). According to the Complaint, Plaintiffs filed this action in state court on July 12, 2023, which is almost exactly five years after they moved, bringing an end to Defendant's harassment, on July 14, 2018. *See* Doc. [1-1] at 3, 9 ¶ 56. Plaintiffs' Count III thus appears to be barred by the FHA's statute of limitations.

In the Eighth Circuit, "a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process." *Buckley v. Ray*, 848 F.3d 855, 867 (8th Cir. 2017) (quoting *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991)) (affirming district court's sua sponte dismissal of time-barred claims); *see also Smithrud v. City of St. Paul*, 746 F.3d 391, 396 n.3 (8th Cir. 2014) (permitting dismissal on statute-of-limitations grounds under Rule 12(b)(6) despite Defendant's failure to plead it). The Court will not dismiss Count III before providing the parties with an opportunity to be heard, however.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall, **no later than February 20, 2026**, show cause why Count III of their Complaint should not be dismissed as untimely.  The response may be no longer than five double-spaced pages.  Failure by Plaintiffs to respond to this Order will result in the dismissal of Count III.

**IT IS FURTHER ORDERED** that Defendant may, but is not required to, file a response to this Order **no later than February 20, 2026**.  Defendant is likewise limited to five double-spaced pages.

**IT IS FINALLY ORDERED** that any response to this Order from either party should pertain only to the single issue raised by the Court herein.

Dated this 15th day of January, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE