**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| ERNESTO VARELA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 4:23-cv-01016-SEP |
| | ) | |
| WILLIAM HAROLD HILL, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' response to the Court's January 15, 2026, Order, which ordered Plaintiffs to show cause why Count III should not be dismissed as untimely. *See* Docs. [75], [77]. Also before the Court is Plaintiffs' First Amended Petition, Doc. [78]. For the reasons set forth below, Count III is dismissed as untimely, and the Court denies Plaintiffs leave to amend the Complaint at this time.

### RESPONSE TO THE ORDER TO SHOW CAUSE

Plaintiffs allege that Hill's pervasive race-based harassment and threats made their housing unavailable to them and caused them to move. Two of Plaintiffs' claims survived various motions to dismiss: Count II under 42 U.S.C. § 1982 and Count III under the Fair Housing Act, 42 U.S.C. § 3617. Docs. [1-1], [26]. As relevant to Count III, the Fair Housing Act states:

> **An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice**, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.

42 U.S.C. § 3613(a)(1)(A) (emphasis added). According to the Complaint, Plaintiffs filed this action in state court on July 12, 2023, which is almost exactly five years after they moved, bringing an end to Defendant's harassment, on July 14, 2018. *See* Doc. [1-1] at 3, 9 ¶ 56. Plaintiffs' Count III thus appears to be barred by the FHA's statute of limitations. On January 15, 2026, the Court ordered Plaintiffs to show cause why Count III should not be dismissed as untimely. Doc. [75]. On February 20, Plaintiffs submitted a response, stating that they "are unable to find any legal support or ha[ve] the means to retain counsel to provide arguments to

oppose Count III dismissal." Doc. [77].

In the Eighth Circuit, "a district court sua sponte may dismiss a complaint under Rule 12(b)(6) as long as the dismissal does not precede service of process." *Buckley v. Ray*, 848 F.3d 855, 867 (8th Cir. 2017) (quoting *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991)) (affirming district court's sua sponte dismissal of time-barred claims); *see also Smithrud v. City of St. Paul*, 746 F.3d 391, 396 n.3 (8th Cir. 2014) (permitting dismissal on statute-of-limitations grounds under Rule 12(b)(6) despite Defendant's failure to plead it). Count III is dismissed.

### MOTION FOR LEAVE TO AMEND THE COMPLAINT

On April 17, 2026, Plaintiffs filed a First Amended Petition, Doc. [78], which the Court construes as a motion for leave to amend the Complaint. Although Plaintiffs are pro se, if they seek to amend the Complaint, they must comply with Eastern District of Missouri Local Rules 4.01 and 4.07, which require (among other things) that they clearly demarcate the changes they proposed to make and file along with their motion a memorandum providing argument in support of those changes. Further, any proposed amended complaint should reflect this Court's prior rulings, e.g., Docs. [25], [26] (dismissing Counts I, VI, VII, VIII, and IX), and this Order. In particular, after a preliminary review of the proposed Amended Complaint, the Court admonishes Plaintiffs not to reassert claims already dismissed by the Court unless they have made a good faith effort to remedy the defects that occasioned their dismissal.

Until a meritorious motion for leave to amend is granted by this Court, the original Complaint, Doc. [7], remains the operative pleading in this matter, and the only extant claim is Count II against Defendant William Hill.

Accordingly,

**IT IS HEREBY ORDERED** that Count III is dismissed as untimely. An order of dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to amend, Doc. [78], is **DENIED** without prejudice to refiling.

Dated this 6th day of May, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2